

# THE ATTORNEY GENERAL
## OF TEXAS

February 1, 1990

JIM MATTOX
ATTORNEY GENERAL

Honorable Daniel W. Leedy
Austin County Attorney
One East Main
Bellville, Texas 77418-1551

Opinion No. JM-1138

Re: Authority of a commissioners court to increase the salary of a county court-at-law judge after adoption of the budget (RQ-1803)

Dear Mr. Leedy:

You ask whether the Austin County Commissioners Court has the authority to increase the salary of a county court-at-law judge after the adoption of a budget.

Subsection (e) of section 25.0102 of the Government Code sets the annual salary for the county court-at-law judge in Austin County in an amount "that is at least equal to 75 percent of the annual salary paid by the state to a district judge in the county."

Pursuant to House Bill 101 of the 71st Legislature, effective September 1, 1989, the judges of the district courts of this state shall be paid an annual salary that is five percent less than the salary for a justice of a court of appeals. Acts 1989, 71st Leg., ch. 1258, § 1, at 5074. You advise that House Bill 101 will result in a raise for the district judge in Austin County. Since the salary of the county court-at-law judge is tied to that of the district judge you ask whether the raise for the county court-at-law judge is automatic or must it await the action of the commissioners court at its annual budget hearing. Section 152.013 of the Local Government Code (formerly article 3912k, V.T.C.S.), provides in pertinent part:

> (a) Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers. The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings.

You state that your concern is prompted by the con-clusion in Attorney General Opinion JM-326 (1985) that the salary for a county attorney, an elected official, may only be considered and adopted at the annual budget hearing and adoption proceedings under then article 3912k (now Local Government Code section 152.013).

Subsection (1) of section 152.017 of the Local Govern-ment Code excepts a judge of a court of record from the requirements of section 152.011 et seq. relating to the compensation for county and precinct officers. The county court-at-law judge in Austin County is the judge of a court of record. See Attorney General Opinion M-1095 (1972). Therefore, section 152.013 of the Local Government Code is inapplicable to a county court-at-law judge. See Attorney General Opinion M-921 (1971); cf. Attorney General Opinion MW-110 (1979).[1] Since the county court-at-law judge's salary is tied to that of the district judge in the county, the effective date for the salary increase is September 1, 1989. The increase in salary for the county court-at-law judge is by mandate of the legislature and is not a matter addressed to the discretion of the commissioners court.

Even though the matter of the salary increase is not within the province of the commissioners court, the question remains whether the commissioners court may authorize the expenditure for same after the adoption of the budget for the year that included a lesser amount for the salary of that office.

Section 111.010 of the Local Government Code (formerly article 689a-11, V.T.C.S.), applicable to counties with a population of 225,000 or less, provided prior to amendment by the 71st Legislature, which will be considered later in the opinion, that the commissioners court may only spend county funds in strict compliance with the budget, except in

_____

1. Subsection (2) of section 152.017 of the Local Government Code excepts a presiding judge of a commissioners court in a county with a population of 1.7 million from the requirements of section 152.011 et seq. of the Local Government Code relating to compensation for county and precinct officers. Attorney General Opinion MW-110, while recognizing that a county judge is the presiding judge of a court of record, concluded that the requirements of then article 3912k (now Local Government Code section 152.013) apply to all county judges who preside over commissioners courts except those in counties having a population of 1,700,000 or more.

an emergency. The matter of what constitutes an emergency that will justify the amendment of the budget has been the source of confusion and numerous questions to this office. See Attorney General Opinion JM-784 (1987); 35 D. Brooks, County and Special District Law, § 15.11 (Texas Practice 1989).

Attorney General Opinion JM-784 reviewed conflicting opinions relative to whether re-allocation among budgeted items already adopted is distinguishable from an item not originally included in the budget in determining whether it is necessary that an emergency exist before there may be an amendment to the budget. It was concluded that in either instance there must be an emergency before there may be an amendment to the duly adopted budget.

In Attorney General Opinion JM-733 (1987), an unforseeable emergency caused the need for overtime work by a county employee. The question addressed was whether the budget may be amended to pay overtime compensation mandated by the federal Fair Labor Standards Act of 1938. It was concluded that the failure to pay such additional compensation constituted a potential violation of federal law so as to warrant an emergency amendment.

We need not consider whether the salary increase of the county court-at-law judge warrants an emergency amendment in light of House Bill 1077 of the 71st Legislature, effective upon passage on May 25, 1989. Acts 1989, 71st Leg., ch. 167, at 549. House Bill 1077 amended Local Government Code section 111.010 by adding subsection (d) providing:

> (d) The commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure.

The following comments in the Bill Analysis to House Bill 1077 reflect the legislature's desire to resolve the problem requiring that an emergency exist before there may be a transfer among budgeted items.

> Current law provides that in order to transfer funds from one line item to another, counties with fewer than 225,000 people must pass an order declaring an emergency and grave public necessity due to unusual and unforeseen circumstances. This requirement is unduly restrictive and cumbersome. Frequently, counties need to transfer funds

> without compromising the court's integrity by calling the situations an 'emergency.'
>
> H.B. 1077 would allow counties 225,000 or less population to amend the budget to transfer funds from one line item to another without authorizing an emergency expenditure.

The current salary of the county court-at-law judge is a budgeted item. House Bill 1077 (subsection (d) of section 111.010) grants the commissioners court authority to transfer money from an amount budgeted for one item to another budgeted item without a finding that an emergency exists.

If there are not sufficient funds in any other budgeted item to enable the required transfer, we are of the opinion that the county court-at-law judge's claim for additional salary (effective September 1, 1989) resulting from the action of the 71st Legislature may be included in next year's budget and paid following the adoption of the budget. See 35 D. Brooks, County and Special District Law, § 15.8 (Texas Practice 1989).

## S U M M A R Y

The salary increase for the judge of the county court-at-law of Austin County is by mandate of the legislature resulting from a raise in salary of the district judge in that county and is effective September 1, 1989. The commissioners court may amend the budget to transfer an amount from another budgeted item to effect the claim for such additional salary. In the event sufficient funds are not available in the budget to effect a transfer to satisfy the claim, the amount may be included in next year's budget and paid after adoption of the budget.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General